TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
MARGARET M. CHEN (Cal. Bar No. 288294)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-3148
E-mail: Margaret.Chen@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

DEBORAH MARZALEK-BRUCE, individually and as successor in interest to NICHOLAS BRUCE,

Plaintiff,

v.

UNITED STATES OF AMERICA; DOES 1- 10, inclusive,

Defendants.

No. 2:25-cv-05326-ODW-RAO

**STIPULATED PROTECTIVE ORDER**[1]

[Discovery Document: Referred to Magistrate Judge Rozella A. Oliver]

Honorable Rozella A. Oliver
United States Magistrate Judge

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel and subject to Court approval, that a Protective Order be issued to permit Defendant United States of America to release specified documents and information in this litigation.

**A. Purposes and Limitations**

1. Plaintiff Deborah Marzalek-Bruce filed this action for wrongful death and survival damages against Defendant United States pursuant to the Federal Tort Claims Act, arising from a November 25, 2023 motor vehicle accident involving decedent Nicholas Bruce and an employee of the United States Postal Service ("USPS").

2. Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

3. Defendant possesses the following documents which may be relevant to the parties' claims or defenses and that contain proprietary business information and/or information generated from proprietary software of the United States Postal Service:

a. USPS mail delivery route that the USPS employee was assigned to on November 25, 2023.

b. Data from the USPS-issued scanner for the USPS employee on November 25, 2023.

4. The parties submit that the foregoing documents may be disclosed provided that appropriate safeguards are imposed and that the disclosed documents are used solely for this litigation.

5. This Stipulation permits Defendant to produce the above specified

documents, but does not require production.

6. This Stipulation is not intended to affect the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a privilege.

7. This Stipulated Protective Order does not constitute a ruling on whether a particular document or category of information is discoverable or admissible.

8. Nothing in this Stipulated Protective Order prohibits a party from seeking further protection by a Court-approved stipulation or applying to the Court directly.

**B. Good Cause Statement**

9. This action is likely to involve proprietary business information and/or data generated by proprietary software of the United States Postal Service. Such confidential materials include the USPS mail delivery route that the USPS employee was assigned to on November 25, 2023, and data from the USPS-issued scanner for the USPS employee on November 25, 2023. These materials are generally unavailable to the public and protected from disclosure by United States Postal Service policy. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**C. Disclosure and Use of Protected Material**

10. Documents produced pursuant to this Stipulated Protective Order shall be designated by stamping “Confidential” on the pages of the document.

11. If Defendant believes that a response to an informal or formal discovery request concerns the documents subject to the Stipulated Protective Order, counsel will designate that response as subject to the Stipulated Protective Order by interposing the phrase "Confidential" prior to the response.

12. The documents designated as subject to the Stipulated Protective Order ("Protected Material") are to be used solely for the purpose of this litigation and not for any other purpose whatsoever.

13. Protected Material may be disclosed only to:

a. Counsel of record for Plaintiff, as well as employees of Plaintiff's counsel of record to whom it is reasonably necessary to disclose the information for this action;

b. Experts, if any, who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, provided that they execute the attached "Agreement to be Bound by Protective Order" (Exhibit A);

c. The Court and its personnel;

d. Court reporters and their staff;

e. The author or recipient of a document containing the information; and

f. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties.

14. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. No party shall lodge or file documents, pleadings, transcripts, or other materials in this litigation that contain or disclose Protected Material without obtaining Court approval to lodge or file the Protected Material under seal pursuant to Local Rule 79-5.2. All documents, pleadings, transcripts,

or other materials lodged or filed in this litigation (including any appeal) that contain or disclose Protected Material must be submitted under seal if ordered by the Court after leave to file under seal is sought in accordance with the procedures in Local Rule 79-5.2. All deposition transcripts that contain or disclose Protected Material must be maintained confidentially and subject to the Protective Order even if they are not lodged or filed with the Court.

15. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection is unintentionally produced by Defendant, Defendant may request that the document be returned. In the event that such a request is made, all recipients shall promptly return all copies of the document or any documents derived from such document. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

16. If Plaintiff's counsel learn that, by inadvertence or otherwise, they have disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, they must immediately (a) notify Defendant in writing of the unauthorized disclosures, (b) use their best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the attached "Agreement to be Bound by Protective Order" (Exhibit A).

17. Within 60 days of the termination of this litigation (including any appeal), Plaintiff's counsel of record must return to Defendant all originals or duplicates (as defined by Federal Rule of Evidence 1001) of Protected Material, not including documents filed with the Court. Plaintiff's counsel must notify the District Court in writing that all Protected Material has been returned to Defendant. If Plaintiff's counsel fails to do so, Defendant may immediately file a notice of noncompliance to obtain from the Court an Order to Show Cause why sanctions should not be imposed.

18. The parties agree to the foregoing provisions in both form and substance, and consent to entry of this Stipulated Protective Order.

Respectfully submitted,

Dated: July 14, 2026

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section

MARGARET M. CHEN
Assistant United States Attorney

Attorneys for Defendant
United States of America

Dated: July 14, 2026

LAW OFFICES OF TODD D. THIBODO, APC

TODD D. THIBODO

LAW OFFICES OF ALISON TRIESSL

ALISON F. TRIESSL
RYAN D. KERNS

Attorneys for Plaintiff
Deborah Marzalek-Bruce

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: July 14, 2026

HONORABLE ROZELLA A. OLIVER
United States Magistrate Judge

**EXHIBIT A**

**Agreement to be Bound by Protective Order**

I, ______________________________, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Deborah Marzalek-Bruce v. United States Postal Service, et al.*, United States District Court for the Central District of California, Civil Action No. 2: 05326-ODW-RAO, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: ____________________

_____________________________________

[NAME]